IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN, et al., | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| CHASE BANK, et al., | : | |
| *Defendants.* | : | NO. 21-cv-3416 |
| | : | |

MEMORANDUM

**KENNEY, J.**                                                                                    **SEPTEMBER 2, 2022**

I. **INTRODUCTION**

Plaintiffs David Hatchigian and Joan Randazzo, *pro se*, bring this action against Defendants Chase Bank, Ford Motor Company, Village Ford Parts, and Robin Ford (collectively Defendants), for claims of breach of warranty, breach of contract, unjust enrichment, and violations of various federal statutes and regulations.[1] The claims arise out of disputes between the plaintiffs and the defendants over the purchase, installation, and reimbursement of allegedly defective fuel injectors and other damages resulting from or related to those transactions. Plaintiffs brought this action in the Court of Common Pleas of Philadelphia County,

---

[1] The Court notes that although Plaintiff Hatchigian is *pro se*, he is no stranger to litigating in the Eastern District of Pennsylvania and has brought numerous suits in this court. *See Hatchigian v. Sklar Law Office*, 22-cv-2866; *Hatchigian v. PECO/EXELON Energy Co.*, 22-cv-2170; *Hatchigian v. Powertrain Products Inc.*, 21-cv-5601; *Hatchigian v. Matthews Paoli Ford*, 21-cv-4643; *Hatchigian v. Carrier Corp.*, 21-cv-2562; *Hatchigian v. German Gallagher & Murtagh*, 20-cv-6204; *Hatchigian v. Carrier Corp.*, 20-cv-4110; *Hatchigian v. AAA Mid-Atlantic Member Relations*, 19-cv-04740; *Hatchigian v. Kaplan Stewart Meloff Reither & Stein PC*, 17-cv-3156; *Hatchigian v. Kaplan Stewart Meloff Reiter & Stein*, 16-cv-2987; *Hatchigian v. State Farm Ins. Co.*, 13-cv-2880; *Hatchigian v. Nat'l Electric Contractors Ass'n*, 12-cv-5297; *Hatchigian v. Montgomery County*, 07-cv-5068.

Pennsylvania, and Defendant Chase Bank removed the action pursuant to 28 U.S.C. §§ 1331 and 1441(a) and 15 U.S.C. § 2310.[2] ECF No. 1.

After two days of trial, the jury rendered a verdict in favor of Defendants on all counts. Now, Plaintiffs request a new trial, alleging that error was committed during the voir dire process and when the Court did not provide the entirety of Plaintiffs' exhibits to the jury. The Court finds no error. Plaintiffs argue that Juror 1 should have been removed, but the Court finds there was no basis to strike him for cause and finds that Plaintiffs were provided with three peremptory strikes and chose not to exclude Juror 1. Plaintiffs' other complaints regarding the jury selection process are waived and meritless. Regarding the jury's request to view all of Plaintiffs' exhibits, the Court finds no error. The Court acted within its discretion when it decided that providing the jury with hundreds of pages of Plaintiff's exhibits, many of which were objected to and/or not admitted, would not be reasonable or lead to orderly deliberations. Instead, the Court instructed the jury to identify the specific documents it wanted to review, and those documents were provided. Because the Court finds no error or any basis to amend the judgment, the Court DENIES the motion for a new trial.

## II.     BACKGROUND

### A.   Procedural History

The Notice for Removal was filed by Defendant Chase Bank on July 30, 2021. ECF No. 1. On August 6, 2021, Defendant Chase Bank filed a Motion to Vacate Default Judgment. ECF No. 5. Plaintiffs filed a Motion to Remand. ECF No. 14. On September 23, 2021, the Court held a hearing on the Motion to Vacate Default Judgment and the Motion for Remand. ECF No. 31.

---

[2] Plaintiffs assert claims under two federal statutes—the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and the Fair Credit Billing Act, 15 U.S.C. § 1666.

The Court granted Defendant's Motion to Vacate Default Judgment and denied Plaintiffs' Motion to Remand, finding that Defendant Chase Bank was never properly served with a copy of the complaint and the summons. ECF No. 50. Following discovery and an arbitration hearing, Plaintiff requested a trial de novo. ECF No. 71. Trial was scheduled for March 15, 2022. ECF No. 72. On the second day of trial, the jury returned a verdict for Defendants on all counts.

On March 25, 2022, Plaintiffs filed the instant motion. ECF No. 116. Because Plaintiffs identified the motion as a "motion for appeal" in his email to the Clerk's Office, *see* ECF No. 116-1, the motion was initially construed as a motion for appeal rather than a motion for new trial. *See* ECF No. 117. In the instant motion, Plaintiffs' argue that a new trial should be granted due to (1) alleged errors during the voir dire and jury selection process, and (2) the Court's decision not to send out Plaintiffs' exhibits in their entirety to the jury. Defendants filed a response in opposition to Plaintiffs' motion. ECF No. 120. Plaintiffs then filed a reply. ECF No. 123.

B. Jury Selection

The Court conducted jury selection on March 15, 2022. During voir dire, the Court asked the potential jury members twenty-six questions intended to identify potential sources of bias towards Plaintiffs or Defendants, familiarity with the claims and subject matter, and other questions that could potentially impair a prospective juror's ability to be fair and impartial. *See* ECF No. 134 at 7-21.[3] Based on the jury pool's responses to the Court's questions, the Court struck four prospective jurors for cause.[4] Plaintiffs made no objections or raised any issue with the Court's questions or general process. *See generally* ECF No. 134.

---

[3] The Court shared the questions with Plaintiffs and Defendants a week prior to trial and solicited comments and feedback. Plaintiffs provided no comments and made no objections.

[4] Three jury pool members were struck because serving as jury members for the 2-3 days of trial would impose a significant hardship. The other jury pool member was struck because he indicated that he had

After the four members of the jury pool were struck, Plaintiffs and Defendants each had the opportunity to use three peremptory strikes to exclude potential qualified jurors from the jury panel. Recognizing that Plaintiffs were representing themselves *pro se*, the Court asked Plaintiffs if they understood how the process of qualifying potential jury members and striking potential jury members works, and Plaintiff Hatchigian responded no. ECF No. 134 at 22:9-20. The Court explained to the Plaintiffs how to use the three strikes and what members of the jury panel were qualified for the jury panel. ECF No. 134 at 22:21-23:20. The Court allowed Plaintiffs to ask questions about the process. ECF No. 134 at 23:21-24:13. The Courtroom Deputy then explained to Plaintiffs how to indicate which individuals they wanted to strike and answered Plaintiffs' questions. ECF No. 134 at 24:16-25:13. The parties began striking potential jurors and discussed among each other which ones were being struck. ECF No. 134 at 26:6-10. Plaintiffs used all three of their peremptory strikes. After both Plaintiffs and Defendants had finished using their strikes, the Courtroom Deputy confirmed with Plaintiffs and Defendants that the unstricken individuals were the jurors they had selected. ECF No. 134 at 26:25-27:4. Plaintiff Hatchigian confirmed that they were. ECF No. 134 at 27:6. After the jury was seated, the Court then asked Plaintiffs if this was the jury they selected, and Plaintiff Hatchigian again confirmed that it was. ECF No. 134 at 28:11-14. For the third time, the Court asked Plaintiff Hatchigian to confirm that the jury panel was as Plaintiffs selected it, and Plaintiff once again confirmed. ECF No. 134 at 28:15-17. Neither Plaintiff made any objection to the jury members selected. The eight members not stricken were sworn in and trial began.

C. Jury Request to View Plaintiff's Book of Exhibits

---

previously done business with Defendant Ford Motor Company, previously was involved in a dispute with an automotive company, and held attitudes or beliefs against the defendants that would prevent him from being fair and impartial.

During jury deliberations, the jury submitted a question to the Court asking to review the Plaintiffs' book of exhibits. ECF No. 132 at 112:16-21. Defendants objected to providing the entire book of exhibits but did not object to sending out warranties and other documents. ECF No. 132 at 112:23-113:17. Plaintiff Hatchigian argued that the book of exhibits should be sent out. ECF No. 132 at 114:9-12. After considering the size of Plaintiffs' book of exhibits and noting that many of the documents in the book were not used or admitted, the Court ruled that the entire book would not be sent out, but the jury could request specific items. ECF No. 132 at 115:10-116:12. Twenty minutes later, the jury asked to see the first Village Ford invoice, and it was sent out to them. ECF No. 132 at 117:11-18, 119:15-16. Later, the jury asked to see three more exhibits—two Robin Ford invoices and a letter to Robin Ford from Plaintiff Hatchigian. ECF No. 132 at 120:5-20. The Court sent all three exhibits to the jury. ECF No. 132 at 120:16-20.

### III.  STANDARD OF REVIEW

The court may, on motion, grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59. "The decision to grant or deny a new trial is 'confided almost entirely to the discretion of the trial court.'" *Shanno v. Magee Indus. Enterprises, Inc.*, 856 F.2d 562, 567 (3d Cir. 1988) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)). The court's "latitude on a new trial motion is broad when the reason for interfering with the jury verdict is a ruling on a matter that initially rested within the discretion of the court, e.g. evidential rulings." *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993) (citing *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990)). However, the court shall not disturb a judgment or grant a new trial "[u]nless justice requires otherwise." Fed. R. Civ. P. 61. The court "must disregard all errors and defects that do

not affect any party's substantial rights." *See id.* To grant a new trial, the court must first determine that an error was made at trial and that the error "was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989), *aff'd,* 922 F.2d 184 (3d Cir. 1990) (citation omitted).

IV. DISCUSSION

    A. <u>There Was No Error in Jury Selection and Plaintiffs' Rights Were Not Violated.</u>

The purpose of voir dire is to enable the court to select an impartial jury and to assist counsel in exercising peremptory challenges. *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). "Since the trial judge 'must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions,' the trial judge is necessarily vested with broad discretion in determining the manner and scope of the questioning." *Butler v. City of Camden, City Hall*, 352 F.3d 811, 815 (3d Cir. 2003) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981)); *James v. Continental Ins. Co.*, 424 F.2d 1064, 1065 (3d Cir. 1970) (affirming trial court's denial of motion to interrogate prospective jurors). Furthermore, "it is generally not required that the district judge pursue any specific line of questioning on voir dire." *Butler*, 352 F.3d at 815 (citation omitted). The district court has wide latitude as to the questions to be asked and the scope of the inquiry at voir dire, and all that is required is that the district court "make[s] those inquiries necessary to satisfy both its duty to select an impartial jury and allow for intelligent exercise of peremptory challenges." *See id.*

Plaintiffs first claim that the Court substituted its questions for the parties' questions, but this is not accurate. Plaintiffs provided no questions to the Court. A week prior to trial, the Court

6

shared proposed questions with the parties and allowed the parties to provide comments and propose additional questions. Given that no party provided any additional questions or any substantive changes, the Court proceeded with the proposed voir dire.

Plaintiffs also claim that all of "Plaintiffs' jurors" were dismissed. This is contradicted by the record. After conducting voir dire, the Court struck four jurors for cause. Plaintiffs made no objection to these strikes. *See* ECF No. 134 at 22:3-24:15. Of the remaining potential jurors, Plaintiffs were given three peremptory strikes to exclude individuals that Plaintiffs did not want on the jury. The Courtroom Deputy carefully explained to Plaintiffs that they were selecting individuals to exclude from the jury and walked Plaintiffs through the steps to do so. Plaintiffs confirmed with Defendants which individuals both sides were striking. After Plaintiffs and Defendants made their strikes, the Courtroom Deputy confirmed with the parties that the remaining individuals would become the jury. The Court then asked Plaintiffs twice to confirm that this was the jury as Plaintiffs selected it, and Plaintiffs agreed both times. There is no evidence in the record that any of "Plaintiffs' jurors" were dismissed.

Plaintiffs next assert that (1) the Court ignored an objection to Juror 1 and (2) that there was no evidence to support the trial court's decision to remove Juror 1. These arguments are contradictory. Because Juror 1 was not removed from the jury, the Court will not address the second argument. Regarding Plaintiffs' first argument—that the Court ignored one of Plaintiff Randazzo's objections—the record shows that no objection was made to Juror 1. The Court and the Courtroom Deputy confirmed with Plaintiffs three times that the jury was properly selected. Plaintiffs agreed each time. No party objected to the jury that was seated. In addition, Plaintiffs fail to provide any basis for why the Court should have removed Juror 1. Plaintiffs used their

7

three peremptory strikes on other potential jury members. Plaintiffs' arguments regarding jury selection are waived, contradicted by the record, and meritless.

      B.  <u>Declining to Provide all of Plaintiffs' Exhibits to the Jury Was Not Error.</u>

The Court has broad discretion when deciding whether exhibits are sent to the deliberation room with the jury. *U.S. v. Green*, 516 F. App'x 113, 131 (3d Cir. 2013) (district court did not err in denying jury request to view exhibits); *see, e.g.*, *U.S. v. Artis*, 917 F. Supp. 347, 349 n.2. (E.D. Pa. 1996); *Hughes v. Hemingway Transport, Inc.*, 539 F. Supp. 130, 132 (E.D. Pa. 1982); *Young v. Lukens Steel Co.*, 881 F. Supp. 962, 976 (E.D. Pa. 1994); *see also U.S. v. Gross*, 451 F.2d 1355, 1359 (7th Cir. 1971).

Plaintiffs argue that the Court erred because the jury did not have a copy of some of the warranties, emails, documents, and other exhibits that Plaintiffs had admitted, arguing that the jury needed these exhibits in order to decide liability and allocate fault. Plaintiffs also argue that the Court erred when it did not provide all of Plaintiff's exhibits to the jury after the jury requested Plaintiffs' book of exhibits. In their motion, Plaintiffs claim that all of the requested exhibits were admitted and that none of the trial exhibits requested by the jury were objected to by defense counsel.

First, Plaintiffs' claim that all of their exhibits were admitted is not accurate. Several of Plaintiffs' exhibits were not admitted. For some exhibits, Plaintiffs did not use or admit them during trial, and for others, Defendants objected and prevented their admission. *See* ECF No. 132 at 116:8-12; 117:22-118:6 (Plaintiff Hatchigian acknowledging that he failed to admit an exhibit), 121:10-123:12 (parties discussing what exhibits were admitted and Plaintiff Hatchigian acknowledging that some of Plaintiffs' exhibits were not admitted).

After the jury requested Plaintiffs' entire book of exhibits, the Court, acting in its broad discretion, determined that it would be inappropriate to give the entire book of exhibits to the jury. Many of the exhibits were not used at trial or in evidence. In addition, defense counsel objected to several exhibits, and the Court had ruled against their admission. Therefore, to provide the entire book could have improperly prejudiced the jury. Even if every exhibit in Plaintiffs' book was properly admitted, the Court determined that the book was too voluminous to send in its entirety in its existing form and would be more likely to confuse rather than assist with deliberation. Instead, the Court asked the jury to identify the specific documents that the jury members wanted to review, and the Court provided those documents, e.g., the Ford Warranty and the invoices sent to Village Ford Parts and Robin Ford. The Court's decision was not error. Plaintiffs also argue that they were prejudiced because the Court's decision resulted in the jury not having access to the full documentation of Plaintiffs' damages. As discussed, the Court's decision was not error. In addition, the jury determined that no defendant committed breach of contract against Plaintiffs, ECF No. 114, so Plaintiffs' claim of prejudice regarding the jury's ability to calculate the scope of damages is meritless given that the jury found no liability.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for New Trial or to Amend the Judgment. An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**